**STATE of Missouri ex rel. Louise JOHNSON, Relator,**

v.

**John KELLEY, Robert Wallerstedt, Samuel Epstein & Rev. William Dancy, constituting Board of Election Commissioners of Kansas City, Missouri and Phillip Scaglia and James C. Kirkpatrick, Secretary of State for the State of Missouri, Respondents.**

**No. KCD 30325.**

Missouri Court of Appeals, Kansas City District.

Aug. 3, 1978.

Rehearing Denied Aug. 28, 1978.

Holliday & Bryant, P.C., Mark S. Bryant, Kansas City, for relator.

William K. Poindexter, Cleo H. Muller, Kansas City, for respondent Scaglia.

Before SOMERVILLE, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

PER CURIAM.

Relator Johnson petitioned the Circuit Court for a writ to prohibit respondents Board of Election Commissioners and the Secretary of State from placing the name Phillip P. Scaglia upon the ballot of the primary election as candidate for nomination to the Missouri General Assembly from the 30th Legislative District. After hearing evidence, the trial court denied the writ. Relator appeals.

Relator challenges Scaglia's qualifications as a candidate on the ground that he is not a resident of the 30th Legislative District, as required by Article 3, Section 4 of the Missouri Constitution and Section 21.080, RSMo 1969. Scaglia answers and introduced evidence to show that he does reside at 5008 Paseo, Kansas City, Missouri, within the District. Relator rejoins and offered evidence to show that the Paseo residence was only ostensible and that Scaglia's true residence is 416 Glen Arbor Road, outside the District. The trial court found: "Respondent Scaglia has been a resident of 5008 Paseo which is located within the 30th Legislative District of the Missouri General

Assembly for one year next before the election contest of November, 1978."

Rule 73.01 as explained by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976) prescribes the limited scope of appellate review of a court-tried case. Under the standards there enunciated, the judgment of the trial court must be affirmed. That judgment follows correct principles of law, is supported by substantial evidence and is not against the weight of the evidence. An extended opinion would have no precedential value and therefore will be dispensed with pursuant to the authority of Rule 84.-16(b).

The various motions taken with the case are overruled.

Affirmed.